**SO ORDERED.**

**SIGNED August 29, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF LOUISIANA

IN RE:

HUGH L. BROUSSARD
NYOLA L. BROUSSARD                        CASE NO. 03-20832

     Debtors                              CHAPTER 7
---------------------------------------------------------------
RUDY O. YOUNG, TRUSTEE

     Plaintiff

VERSUS                                    ADV. PROCEEDING NO. 04-2030

HUGH L. BROUSSARD
NYOLA L. BROUSSARD

     Defendants
---------------------------------------------------------------
                     REASONS FOR DECISION
---------------------------------------------------------------
```

Hugh Lambert Broussard and Nyola Lynette Broussard ("Debtors") filed a voluntary petition for relief under chapter 7

of the Bankruptcy Code[1] on June 27, 2003 ("Petition Date"), and on that date an order for relief was duly entered. Rudy O. Young ("Trustee") is the duly appointed and qualified chapter 7 trustee. The Trustee has filed this Complaint seeking to revoke the Debtors' discharge. Presently before the court is the Trustee's Motion for Summary Judgment to which the Debtors did not reply.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## LAW AND ANALYSIS

Rule 56(c), Fed. R. Civ. P.[2], requires summary judgment to "be rendered forthwith if . . . there is no genuine issue as to any

---

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ___."

[2] Rule 56, Fed. R. Civ. P., applies in adversary proceedings. Rule 7056, Fed. R. Bank. P.

Page 2

material fact and that the moving party is entitled to a judgment as a matter of law." A summary judgment can be granted if the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ibid.; Hale v. Townley, 45 F.3d 914, 917 (5th Cir. 1995). "Under Fed. R. Civ. P. 56 (c), the moving party bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." In re Browning-Ferris Industries, Inc. Securities Litigation, 876 F. Supp. 870, 877 (S.D. Tex. 1995), citing Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291, 294 (5th Cir. 1987).

The party moving for summary judgment bears the burden of establishing by affidavit or other evidence that there is no genuine dispute as to any material fact necessary to the resolution of the case before the Court and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555 (1986). However, "[s]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v.

Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

The Trustee seeks a revocation of the Debtors' discharge pursuant to Section 727(d)(1), which provides that:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

The fraud alleged by the Trustee is the fact that the Debtors knowingly failed to include a cause of action for damages in their bankruptcy schedules. The court previously ruled in a related case with regard to the cause of action to which the Trustee refers. In that ruling, the court made specific findings of fact and conclusions of law. The Trustee asserts that those findings establish and every requisite necessary for the revocation of the Debtors' discharge.

In its **Reasons for Decision** entered on March 15, 2006 in CMH Manufacturing, Inc., and CMH Homes, Inc. versus Hugh Broussard, et al, Adversary Proceeding Number 04-2039, Western District of Louisiana ("AP 04-2039"), the court made the following factual findings based upon evidence presented at trial:

> Mr. Broussard alleges that he was injured on April 8, 2003, as a result of an accident which occurred on his property. He alleges the accident was caused by a defect in stairs which accompanied a mobile home purchased by

the debtors from CMH. CMH had obtained the steps from Southern.

Mr. Broussard was receiving medical treatment for his injuries on the Petition Date. The Debtors' sworn schedules and statement of affairs, however, did not include any mention of a claim for damages against CMH or any other party. Furthermore, the Debtors did not disclose the existence of the claim to the Trustee at the section 341 meeting of creditors.

The Debtors received their discharge on September 30, 2003. In early October 2003, Mr. Broussard employed Bruce Jones to represent him in an action against CMH. Mr. Jones was the Debtors' counsel in the bankruptcy proceeding. On March 19, 2004, Mr. Broussard sued CMH in the 14th Judicial District Court, Calcasieu Parish, Louisiana, seeking to recover damages for the injuries he allegedly sustained as a result of the pre-petition incident. CMH thereafter filed the instant complaint seeking a declaratory judgment that Mr. Broussard is judicially estopped from asserting the personal injury claim.

On June 24, 2004, the Trustee filed a Motion to Reopen Bankruptcy Case for the purpose of administering additional assets. That motion refers to the Mr. Broussard's state court lawsuit. The case was reopened on July 1, 2004. Mr. Broussard's schedules and statement of affairs were subsequently amended on October 27 and 29, 2004, respectively, providing the initial notice of the existence of such claims.

The court then set forth the legal issue in that case and made the following legal ruling:

Here the Debtor argues that the facts of the instant case are distinguishable from Superior Crewboats in that the he did not learn of his claim until after the bankruptcy was completed. The Debtor asserts that he did not realize that he had a cause of action until he met with counsel after the bankruptcy case was closed. The court does not accept the Debtor's explanation. He was under medical treatment throughout the term of his bankruptcy proceeding and immediately after receiving his

Page 5

discharge began seeking legal advice as to his rights.

      The court concludes that he most certainly had an idea that he had some cause of action and that the sequence of events was not merely a coincidence. Regardless of whether or not he believed the cause of action was valid, he clearly had knowledge of the existence of some claim and had a duty to disclose that claim. He cannot at this point assert that he has a claim when he previously filed pleadings stating that no such claim existed.

The Trustee has submitted the evidence presented in the trial of AP 04-2039 and asserts that such evidence, in conjunction with the court's ruling therein, compel a ruling in the Trustee's favor in the present case. The court agrees.

The court holds that there is no genuine issue of material fact that the Debtors knowingly failed to disclose the existence of their claim for damages against CMH. Immediately following the receipt of their discharge, the Debtors began pursuing that claim. These facts require a finding that the Debtors' discharge was obtained through the fraud of the Debtors.

For the foregoing reasons, the Trustee's Motion for Summary Judgment is **GRANTED**. The court will enter judgment in favor of the Trustee revoking the Debtors' discharge. Within 20 days from the date of these Reasons for Decision, counsel for the Trustee shall submit an order in conformity with the foregoing reasons.

###